No. 25-5532

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE TESLA ADVANCED DRIVER ASSISTANCE SYSTEMS LITIGATION

Petition for Permission to Appeal
from the United States District Court for the
Northern District of California, No. 3:22-cv-05240-RFL
Before the Honorable Rita F. Lin

## TESLA INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION PURSUANT TO FED. R. CIV. P. 23(f)

DAVID C. MARCUS
CHRISTOPHER T. CASAMASSIMA
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5312
david.marcus@wilmerhale.com
christopher.casamassima@wilmerhale.com

ALAN E. SCHOENFELD
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

*Counsel for Defendants-Petitioners Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

September 15, 2025

Pursuant to Fed. R. App. P. 27 and Ninth Cir. R. 27-1, Tesla respectfully requests leave to file the attached proposed reply brief in support of their Rule 23(f) petition.[1] LoSavio's answer to the petition contains mischaracterizations of law, fact, and the district court's class certification order, all of which Tesla should be given an opportunity address. The proposed reply comports with the requirements of the Federal Rules of Appellate Procedure and Ninth Circuit Rules and will assist the Court in its consideration of the petition.

For these reasons, Tesla respectfully requests that the Court grant this motion for leave to reply and deem the proposed reply brief, attached as **Exhibit A**, contemporaneously filed as of this date.

---

[1] Fed. R. App. P. 5 does not explicitly preclude or permit filing a reply, but the Federal Rules of Appellate Procedure generally allow a party seeking relief the opportunity to reply to an opposition brief. *See, e.g.*, Fed. R. App. P. 27(a)(4), 28(c). This Court regularly grants leave to file reply briefs in support of Rule 23(f) petitions. *See, e.g.*, *Narguess Noohi v. Johnson & Johnson Consumer Inc.*, No. 22-80143, Dkt. 6 (9th Cir. Mar. 1, 2023); *Sherida Johnson, et al. v. Nissan North America Inc.*, No. 22-80075, Dkt. 10 (9th Cir. Oct. 25, 2022); *Justin Lytle, et al. v. Nutramax Laboratories, Inc., et al.*, No. 22-80047, Dkt. 14 (9th Cir. July 13, 2022); *Olean Wholesale Grocery Coop, et al. v. Bumble Bee Foods LLC, et al.*, No. 19-80108, Dkt. 22 (9th Cir. Dec. 20, 2019).

Dated: September 15, 2025                Respectfully submitted,

                                                             /s/ *Alan E. Schoenfeld*

DAVID C. MARCUS                         ALAN E. SCHOENFELD
CHRISTOPHER T. CASAMASSIMA     WILMER CUTLER PICKERING
WILMER CUTLER PICKERING          HALE AND DORR LLP
   HALE AND DORR LLP               7 World Trade Center
350 South Grand Avenue             250 Greenwich Street
Suite 2400                                   New York, NY 10007
Los Angeles, CA 90071              Tel: (212) 937-7294
Tel: (213) 443-5312                 alan.schoenfeld@wilmerhale.com
david.marcus@wilmerhale.com
christopher.casamassima@wilmerhale.com

        *Counsel for Defendants-Petitioners Tesla, Inc.,*
           *Tesla Lease Trust, and Tesla Finance LLC*

2

**CERTIFICATE OF COMPLIANCE**

This motion complies with the length limits permitted by Fed. R. App. P. 5(c) and 27(d)(2) and Ninth Cir. R. 5-2(b) and 27-1. The motion is 254 words, excluding the portions exempted by Fed. R. App. P. 32(f). The motion's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated: September 15, 2025            /s/ *Alan E. Schoenfeld*
                                     ALAN E. SCHOENFELD

# EXHIBIT A

No. 25-5532

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE TESLA ADVANCED DRIVER ASSISTANCE SYSTEMS LITIGATION

Petition for Permission to Appeal
from the United States District Court for the
Northern District of California, No. 3:22-cv-05240-RFL
Before the Honorable Rita F. Lin

**TESLA INC., TESLA LEASE TRUST, AND TESLA FINANCE LLC'S REPLY IN SUPPORT OF PETITION PURSUANT TO FED. R. CIV. P. 23(f)**

DAVID C. MARCUS
CHRISTOPHER T. CASAMASSIMA
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5312
david.marcus@wilmerhale.com
christopher.casamassima@wilmerhale.com

ALAN E. SCHOENFELD
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

*Counsel for Defendants-Petitioners Tesla, Inc., Tesla Lease Trust, and Tesla Finance LLC*

September 15, 2025

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................1

I. LoSavio Cannot Refute That Class Members Must All Be Exposed To Alleged False Advertising, But District Courts—Including This One—Get This Wrong With Nontraditional Advertising .......................................................................1

II. The District Court Manifestly Erred By Accepting A Damages Model Untethered To The Hardware Statement .....................................................................................................4

III. The District Court Manifestly Erred By Certifying A Rule 23(b)(2) Class That Is Impossible To Monitor ...............5

CONCLUSION ..........................................................................................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Berger v. Home Depot USA, Inc.*,
    741 F.3d 1061 (9th Cir. 2014) ...................................................................... 2

*Brazil v. Dole Packaged Foods, LLC*,
    660 F. App'x 531 (9th Cir. 2016) .................................................................. 5

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013) ........................................................................................ 4

*Ehret v. Uber Technologies, Inc.*,
    148 F. Supp. 3d 884 (N.D. Cal. 2015) .......................................................... 3

*Gutierrez v. Wells Fargo Bank, NA*,
    704 F.3d 712 (9th Cir. 2012) ......................................................................... 2

*Haskins v. Symantec Corporation*,
    654 F. App'x 338 (9th Cir. 2016) .................................................................. 2

*In re EthereumMax Investor*,
    2025 WL 2377070 (C.D. Cal. Aug. 6, 2025) ................................................ 3

*In re POM Wonderful LLC*,
    2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) .............................................. 5

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ................................................................................... 2

*Mazza v. American Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ......................................................................... 2

*Noohi v. Johnson & Johnson*,
    146 F.4th 854 (9th Cir. 2025) ....................................................................... 4

*Stathakos v. Columbia Sportswear Co.*,
    2017 WL 1957063 (N.D. Cal. May 11, 2017) .............................................. 5

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ...................................................................................... 6

**RULE**

Fed. R. Civ. P. 23(b)(2) ........................................................................................ 6

# INTRODUCTION

LoSavio's answer supports granting interlocutory review. LoSavio ignores the district court's departure from *Mazza*, which was manifestly erroneous insofar as it expands the narrow exception of *Tobacco II*. That, by itself, is reason to grant review. Meanwhile, lower courts' confusion about inferring classwide exposure from nontraditional advertising is not "manufacture[d]," Opp. 11, but evidenced by the court's decision below and numerous other district court decisions that Tesla identified. Clearing up that confusion is another reason to grant review. Finally, the district court's acceptance of a damages model untethered to the Hardware Statement and certification of a Rule 23(b)(2) class that is impossible to monitor do not center on "fact debate[s]" or "ascertainability," Opp. 18, 20; rather, they contravene central class certification requirements under Rule 23.

The Court should grant Tesla's petition.

# ARGUMENT

I. **LOSAVIO CANNOT REFUTE THAT CLASS MEMBERS MUST ALL BE EXPOSED TO ALLEGED FALSE ADVERTISING, BUT DISTRICT COURTS—INCLUDING THIS ONE—GET THIS WRONG WITH NONTRADITIONAL ADVERTISING**

LoSavio's answer neatly frames up why review is needed. As LoSavio argues, "[i]t is settled law that class-wide exposure may be inferred where there is *an inherently high likelihood* that in the process of buying the product, the consumer would have seen and been exposed to the misleading statement." Opp. 11 (emphasis

1

added) (citing *Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712, 728-729 (9th Cir. 2012)) (finding sufficient evidence of exposure to "pervasive" "misleading marketing materials" on defendant's website, in company brochures, and in a welcome document provided to all customers); *see also Haskins v. Symantec Corporation*, 654 F. App'x 338, 339 (Mem) (9th Cir. 2016) (inherent likelihood of exposure can come from "an extensive and long-term advertising campaign like the decades-long campaign engaging in saturation advertising targeting adolescents" (citing *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009)). But under equally settled law, a class *cannot* be certified when "it is likely that many class members were never exposed to the allegedly misleading advertisements." *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012); *see Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014).

When a company promotes its product on its website, is that enough to show an inherently high likelihood of exposure? LoSavio argues that it is because he found an expert to say that the admittedly "multiple communication channels" for Tesla products somehow create a so-called "information environment" that satisfies *Tobacco II*. Opp. 5. The district court accepted this. That was error because it purports to create an exception—one that is foreclosed by *Mazza*—to the exposure requirement of Rule 23(b)(3)'s predominance inquiry. But even if the district court's "information environment" exception was supported by the law, LoSavio failed to

establish that an information environment for the Hardware Statement existed, given the few and remote places it appeared. Importantly, customers who bought FSDC through Tesla's website were not necessarily exposed to the Hardware Statement. The district court acknowledged: "there is no specific requirement forcing [Tesla consumers] through [the webpage with the Hardware Statement] to complete their purchase." 1-EX-11. And not everyone bought FSDC through the website anyway. A challenged statement "used consistently" in a way that not everyone saw—like a statement "consistently" buried on a sub-page of a website—is no basis for class certification. Opp. 12.

Before the district court and in his Rule 23(f) answer, LoSavio did not show—and cannot show—that this class consists *only* of class members who were actually or necessarily exposed to the Hardware Statement, as he must. Opp. 12-15. Certifying a class anyway was a manifestly erroneous application of the narrow *Tobacco II* exception—about traditional national advertising campaigns in the 1990s—to modern day digital platforms. It is an error that other district courts have made too. *See, e.g.*, *In re EthereumMax Investor*, 2025 WL 2377070, at *4-5 (C.D. Cal. Aug. 6, 2025); *Ehret v. Uber Techs, Inc.*, 148 F. Supp. 3d 884, 900-901 (N.D. Cal. 2015). Given the prevalence and consequences of class actions against technology companies in this Circuit, the Court should grant 23(f) review to address this issue.

## II. THE DISTRICT COURT MANIFESTLY ERRED BY ACCEPTING A DAMAGES MODEL UNTETHERED TO THE HARDWARE STATEMENT

LoSavio's answer doubles down on the manifest errors of the district court. What is required of his damages model is beyond dispute: a "nexus" between *the Hardware Statement* and the damages calculated by the model. *Noohi v. Johnson & Johnson*, 146 F.4th 854, 867 (9th Cir. 2025); *see Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). *Comcast* is not satisfied by mere "common proof" of damages. Opp. 16 (citing 1-EX-17–18). If it were, every class could just propose a flat recovery to class members, no matter how arbitrary—proclaiming "and then we'll give each class member ten thousand dollars" would suffice. *See Comcast*, 569 U.S. at 35-36 ("Under that logic, at the class-certification stage *any* method of measurement is acceptable so long as it can be applied classwide, no matter how arbitrary the measurements may be. Such a proposition would reduce Rule 23(b)(3)'s predominance requirement to a nullity."). As *Comcast* confirms, the predominance requirement of Rule 23(b)(3) requires that the damages calculated reflect the damages incurred. It specifically prohibits using a lump damages number that includes already rejected theories of liability. *Id.* at 35 (a model that does not "measure only those damages attributable to" the "only theory … accepted for class-action treatment by the District Court" "cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)"); *Noohi*, 146 F.4th at 866 ("The concern in *Comcast* was not only that the damages

4

model there proposed to measure damages not associated with the plaintiffs' theory of harm, but also that the model was incapable of separating out those damages from damages tied to the plaintiff's theory.").

But that is exactly what the district court did, and what LoSavio defends; for example, calculating damages from "the difference between self-driving features that can plausibly be marketed as safe versus those that cannot," Opp. 16, even though all "safety" statements were dismissed from the case. *Comcast* forbids this approach. Yet still now, LoSavio makes no effort to tie the damages sought (a full refund) to the alleged basis for liability (the Hardware Statement).[1] The district court did not do so either. That is exactly contrary to *Comcast*, and a manifest error justifying interlocutory review.

### III. THE DISTRICT COURT MANIFESTLY ERRED BY CERTIFYING A RULE 23(b)(2) CLASS THAT IS IMPOSSIBLE TO MONITOR

LoSavio's answer disregards the problem with his requested injunctive relief that even the district court recognized: an injunctive relief class "*must* be narrowed to those class members who, like LoSavio, would consider buying FSD again,"

---

[1] *See, e.g.*, *Stathakos v. Columbia Sportswear Co.*, 2017 WL 1957063, at *10 (N.D. Cal. May 11, 2017) ("Under California law, a full refund may be available as a means for restitution only when plaintiffs prove the product had *no* value to them.") (internal quotations omitted); *In re POM Wonderful LLC*, 2014 WL 1225184, at *3 n.2 (C.D. Cal. Mar. 25, 2014) (full refund model "depends upon the assumption that not a single consumer received a single benefit"); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) ("[A] plaintiff cannot be awarded a full refund unless the product she purchased was worthless.").

5

because otherwise the class would include members who "would obtain no benefit … yet would be bound by a judgment." 1-EX-22 (emphasis added). As the district court recognized, Rule 23(b)(2) and Supreme Court precedent prohibit including such people in a (b)(2) class. *See id.* (citing, *inter alia*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 365 (2011)).

But the district court's attempted fix made the problem worse: with the class that it redefined and certified, there is no way to know who will "be bound by a judgment" for or against the Rule 23(b)(2) class. This is not an ascertainability issue, Opp. 19-20, because the problem is not identifying class members in order to give them notice and a chance to opt out under Rule 23(b)(3). The problem is that it is impossible to know, and monitor, whether the injunctive and declaratory relief "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Certifying a Rule 23(b)(2) class was a manifest error that must be corrected.

## CONCLUSION

For the foregoing reasons and those presented in Tesla's initial brief, this Court should grant interlocutory review of the district court's order granting class certification.[2]

---

[2] If review is granted, Tesla reserves for appeal all arguments it made against class certification, not just the arguments highlighted in this petition.

Dated: September 15, 2025            Respectfully submitted,

                                                 /s/ *Alan E. Schoenfeld*

DAVID C. MARCUS                  ALAN E. SCHOENFELD
CHRISTOPHER T. CASAMASSIMA     WILMER CUTLER PICKERING
WILMER CUTLER PICKERING            HALE AND DORR LLP
    HALE AND DORR LLP                7 World Trade Center
350 South Grand Avenue               250 Greenwich Street
Suite 2400                                 New York, NY 10007
Los Angeles, CA 90071                Tel: (212) 937-7294
Tel: (213) 443-5312                   alan.schoenfeld@wilmerhale.com
david.marcus@wilmerhale.com
christopher.casamassima@wilmerhale.com

*Counsel for Defendants-Petitioners Tesla, Inc.,
Tesla Lease Trust, and Tesla Finance LLC*

7

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits permitted by Fed. R. App. P. 5(c) and 32(c)(2) and Ninth Cir. R. 5-2(b). The brief is 1,446 words, excluding the portions exempted by Fed. R. App. P. 32(f). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated: September 15, 2025 /s/ *Alan E. Schoenfeld*
ALAN E. SCHOENFELD

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this 15th day of September, 2025, I electronically filed the foregoing Motion for Leave to File Reply in Support of Petition Pursuant to Fed. R. Civ. P. 23(f), and accompanying Exhibit A: Reply in Support of Petition Pursuant to Fed. R. Civ. P. 23(f), with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that I have transmitted the foregoing by electronic mail, via CM/ECF, to counsel of record.

/s/ *Alan E. Schoenfeld*
ALAN E. SCHOENFELD